(Ottawa County Court of Common Pleas.)

MARY SLAVIN v. MAHLON S. GREENE ET AL.

In an action for an injunction to restrain the collection of an assessment for a street improvement, the petition must allege not only the irregularity of the assessment, but that the plaintiff was prejudiced.

Such defect in the petition can not afterwards be supplied by averments in the reply.

Demurrer to Reply.

KELLY, J.

I think this demurrer should be sustained. It reaches to the petition, and I think the petition is defective, in that it sets forth nothing but an irregularity in the assessment of the tax, and does not show that the plaintiff was at all prejudiced thereby. I think the language of the Supreme Court in Steese v. Ovall, Treasurer, 24 O. S. 253, is applicable to this case: "The act of May 1, 1856 (S. & C. 1,151) Rev. Stat. 5,848"——gives to the courts jurisdiction to restrain the collection of taxes illegally assessed, but the jurisdiction thus conferred is an equitable jurisdiction, and is to be exercised upon equitable principles. Proceeding under the statute, the party complaining is not required to show a case of threatened irreparable injury, or the absence of a remedy by ordinary legal proceedings; but he must exhibit a case in which, upon the merits, he is entitled to the equitable relief demanded." In these cases, notwithstanding the irregularities complained of, the plaintiffs' property was, under the statute, clearly subject to be charged to pay the expense of the respective improvement. The assessments were made by competent authority, and, although irregularly made, it does not appear that any injustice was done.

The reply seeks to supply this defect, but such allegations are out of place in a reply, they should be in the petition. I think, also, that upon the whole record the plaintiff is estopped under the rule laid down in the Teegarden Case, 36 O. S. 601; and the case of Quinlan v. Meyers, 29 O. S. 500. The allegation of the answer set up just what was lacking in the Teegarden case, to-wit, knowledge of the improvement at the time it was being made, and lack of diligence in asserting her rights, and these allegations are not denied in the reply.

Demurrer sustained at costs of plaintiff.

*Charles H. Graves* and *Scott Stahl*, for plaintiff.

*John Duff*, for defendants.